WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin P. Will, | No. CV-15-00203-TUC-JAS (BGM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Robin P. Will's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Respondents have filed an Answer to the Petition for Writ of Habeas Corpus ("Answer") (Doc. 13). Petitioner filed a reply (Doc. 14). The Petition is ripe for adjudication.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Trial*

The Arizona Court of Appeal stated the facts[1] as follows:

In March 2010, the victim, [Mr. Towne], was living with his girlfriend [Ms. Sperle]. Following an argument with [Ms. Sperle], [Mr. Towne] left in [Ms. Sperle]'s car. While [Mr. Towne] was away from the residence, [Ms. Sperle] telephoned [Petitioner] and asked him to come over. [Mr. Towne]

---

[1] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426 (1985); *cf. Rose v. Lundy*, 455 U.S. 509, 519 (1982).

returned home later that evening and attempted to enter. [Petitioner] opened the door, put a knife to [Mr. Towne]'s throat and ordered him to "drop the keys." [Petitioner] kept the knife at [Mr. Towne]'s throat and, when [Mr. Towne] sat down on the couch, [Petitioner] cut his throat. [Mr. Towne] began to struggle with [Petitioner] and suffered additional cuts to his hand. [Ms. Sperle], who witnessed the attack, dialed 9-1-1 and told [Petitioner] to leave. [Mr. Towne] sought treatment for his injuries, which were not life-threatening.

Answer (Doc. 13), Ariz. Ct. of Appeals, Mem. Decision 05-10-2012 (Ex. "A") at ¶ 2.

On March 18, 2010, a Cochise County Grand Jury indicted Petitioner and charged him with Count I – Attempted First Degree Murder with premeditation, Count II – Aggravated Assault with a deadly weapon, Count III – Aggravated Assault causing serious physical injury, Count IV – Aggravated Assault causing serious physical injury, and Count V – Misconduct Involving Weapons by knowingly possessing a deadly or prohibited weapon by a prohibited possessor. Answer (Doc. 13), Appellant's Opening Brief (Ex. "H") at 7. Counts III and IV were later dismissed and Count V was renumbered as Count III; hereafter the Court shall refer to this as Count III or the "prohibited possessor" count. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-23-2010 (Ex. "C") at 3:13-19.

On the first day of trial, Petitioner requested "an order to disclose state's file or disclosure of file in reference to Jerry Towne, who was on trial last week and was convicted of a number of the counts in the Indictment, all but one." *Id.* at 12:17-21. The court then put on the record "that the [S]tate is ordered to disclose the file on Mr. Towne." *Id.* at 13:1-2. Mr. Towne had been convicted of several counts, including three felonies, the week prior. *Id.* at 12:19-21; Answer (Doc. 13), Pet. for Post-Conviction Relief (Ex. "N") at 11.[2]

On the second day of trial, Mr. Towne testified. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-24-2010 AM (Ex. "D") at 36. During his testimony, the State pointed out that Mr. Towne was "wearing jail clothes"

---

[2] Petitioner alleges that this information was either never disclosed to Petitioner's attorney or Petitioner's attorney failed to utilize the information to impeach Mr. Towne. *Id.*

and asked "have you been convicted of a felony?" *Id.* at 36:11-15. Petitioner's attorney did not ask Mr. Towne about his criminal record. *See id.* at 44-50.

The State presented five witnesses in total: Detective Damian Barron, Jerry Towne, Megan Sperle, Deputy Weston Ress, and Detective Timothy Wachtel. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-24-2010 AM (Ex. "D") at 2, 88:15-17. Additionally, the State admitted various pictures and Petitioner's alleged knife. *Id.*

After the close of evidence, Petitioner asked for several jury instructions, including justification of use of force in crime prevention and in defense of third parties.[3] Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-24-2010 PM (Ex. "E") at 48:7-12. The court agreed to instruct the jury on defense of third parties and refused to instruct the jury regarding justification of use of force for crime prevention. *Id.* at 55:7-16, 58:14-59:5.

During deliberation the jury asked, "does the term, 'prohibited possessor' include a knife?" Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-25-2010 (Ex. "F") at 21:4-5. The court directed the jury to review the instructions on the definition of a deadly weapon and misconduct involving weapons. *Id.* at 21:24-22:1.

The jury found Petitioner not guilty on Count I – Attempted murder, and guilty on Count II – Aggravated Assault by using a deadly weapon or dangerous instrument ("Aggravated Assault") and Count III – Misconduct Involving Weapons by knowingly possessing a deadly or prohibited weapon by a prohibited possessor ("Prohibited Possessor"). Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-26-2010 (Ex. "G") at 2:16-3:16.

On November 15, 2010, the court sentenced Petitioner to concurrent, presumptive

---

[3] Petitioner did request additional instructions, but the Court omits the additional requests in the interest of efficiency and clarity as they are not challenged within the Petition. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-24-2010 PM (Ex. "E") at 51:10-11, 55:7-16, 63:13.

terms of incarceration of 7.5 years on Count II and 10 years on Count III. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 11-15-2010 (Ex. "J") at 67:12-14.

### B.    Direct Appeal

On November 21, 2011, Petitioner filed his Opening Brief with the Arizona Court of Appeals. Answer (Doc. 13), Appellant's Opening Br. (Ex. "H"). Petitioner presented two issues on appeal. *Id*. at 6. Petitioner challenged "the trial court's refusal to instruct the jury on justification – crime prevention," and the sufficiency of the evidence for Petitioner's conviction for weapons misconduct. *Id.*

Relying on Arizona state law, Petitioner asserted that Petitioner "came within the privilege of A.R.S. § 13-411, as well as its presumption of reasonableness, under the facts of this case." *Id*. at ¶ 45. Further, Petitioner asserted that "[t]he failure to give [Petitioner]'s requested instruction was not harmless error. The facts of this case permitted the inference that [Petitioner] acted under the reasonable apprehension that a crime was going to occur in Ms. Sperle's home if Mr. Towne entered the home; that crime being an aggravated assault upon Ms. Sperle causing serious physical injury or perhaps even a homicide given Mr. Towne's earlier threats and his violent nature, both of which were known to [Petitioner]." *Id*. at ¶ 47. Finally, "[i]t cannot therefore be said beyond a reasonable doubt that had the Jury been instructed on justification – crime prevention, it would have convicted [Petitioner] of Aggravated Assault. He is, therefore, entitled to a new trial on the Aggravated Assault offense." *Id*. at ¶ 52.

On May 10, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions. *See* Answer (Doc. 13), Ariz. Ct. of Appeals, Mem. Decision 05-10-2012 (Ex. "A"). The court rejected Petitioner's argument by stating that "[n]o evidence indicated that [Petitioner], at the time he put the knife to [Mr. Towne]'s throat, had reason to believe force was immediately necessary to prevent [Mr. Towne]'s commission of aggravated assault or murder of [Ms. Sperle]. . . . Thus, we cannot say the trial court abused its discretion in finding there was insufficient evidence that [Petitioner] reasonably believed

he was acting to prevent an aggravated assault or murder, and that an instruction pursuant to § 13-411 therefore was not warranted." *Id.* at ¶ 6 (footnotes omitted). The court also stated that there "was sufficient evidence from which the jury could conclude the knife was designed for lethal use." *Id.* at ¶ 9.

Petitioner appealed to the Arizona Supreme Court, who denied review in a minute order. *See* Answer (Doc. 13), Ariz. Supreme Ct., Min. Order 09-13-2012 (Ex. "L").

## C.     State Post-Conviction Relief Proceedings

On December 3, 2012, Petitioner filed his Notice of Intent to File for Post-Conviction Relief ("PCR"). Answer (Doc. 13), Not. of Intent to File PCR (Ex. "M"). On August 9, 2013, Petitioner filed his Petition for PCR. Answer (Doc. 13), Pet. for PCR (Ex. "N"). Petitioner presented three arguments:

> Argument I.          [Petitioner's trial attorney] was ineffective in failing to file a motion to sever the prohibited possessor count from the remaining counts. [Petitioner] was prejudiced by trial counsel's failure because in order to prove the prohibited possessor count, the State had to introduce evidence of at least one of [Petitioner]'s prior convictions.

*Id.* at 7.

> Argument II.          At the time of trial Mr. Towne had five prior felony convictions and numerous misdemeanor convictions which were not disclosed prior to trial. The prosecutor committed misconduct in failing to disclose Mr. Towne's prior convictions and in eliciting misleading testimony from Mr. Towne about his prior convictions. [Petitioner's trial attorney] was ineffective in failing to investigate Mr. Towne's criminal history, in failing object to Mr. Towne's misleading testimony about his prior convictions and in filing an untimely motion to vacate judgment which the court was unable to rule on due to the untimeliness of the motion.

*Id.* at 11.

> Argument III.          Trial counsel was ineffective during closing arguments.

*Id.* at 17. Further, Petitioner argued prejudice and fundamental error resulting from the above errors. *Id.* at 20-24.

Petitioner first argued that "[i]n order to present sufficient evidence to the jury to establish the elements of the Prohibited Possessor count, the State had to establish that

[Petitioner] had a prior felony conviction . . . . Although the State alleged that [Petitioner] was a Prohibited Possessor, the fact that [Petitioner] did or did not possess a weapon illegally was not a fact necessary for the proof of the remaining counts." *Id*. at 7-8. Further, "[t]here was no proper purpose for the admission of the evidence necessary to prove the Prohibited Possessor count at the trial on the remaining counts. Therefore, admission of such evidence violated [Petitioner]'s Due Process guarantees." *Id*. at 10. Petitioner concluded his first argument by asserting that his trial counsel "was ineffective in failing to move to sever the Prohibited Possessor count from the remaining counts." *Id*.

Second, Petitioner argued that "[t]he Prosecutor committed misconduct by asking Mr. Towne a misleading question. The response to that question mislead the jury into believing that Mr. Towne only had one prior felony conviction."[4] *Id*. at 11. "The Prosecutor . . . asked Mr. Towne, '. . . have you been convicted ***of a felony***?' Mr. Towne responded, ['][y]es, I have.'" *Id*. at 12 (second alteration in original). Additionally, Petitioner argued that "[t]he Prosecutor committed misconduct if he failed to disclose Mr. Towne's criminal history."[5] *Id*. Petitioner argued that those acts of misconduct denied him his right to due process. *Id*. at 14. Next, Petitioner argued that his trial attorney was ineffective in failing to properly investigate Mr. Towne's criminal record. *Id*. at 15. Then, Petitioner argued that his trial attorney was untimely in filing a motion to vacate judgment based on new evidence regarding Mr. Towne's criminal history. *Id*. at 16. The trial court stated, "[t]he [c]ourt in considering arguments presented is disturbed with the non-disclosure of Mr. Towne's previous criminal history." *Id*. (first alteration in original) (quoting ROA, Doc. 79). The court then found that it lacked the authority to extend the time to file a motion to vacate. *Id*.

Finally, Petitioner argued that his "[t]rial counsel was ineffective during closing arguments." *Id*. at 17. Petitioner argued that his trial counsel failed to sufficiently

---

[4] Capitalization has been altered from capitalization of each word to sentence case capitalization for ease and readability.

[5] Capitalization has been altered from capitalization of each word to sentence case capitalization for ease and readability.

distinguish the knife in his case from a weapon "designed for lethal use, such as a saber." *Id*. Additionally, Petitioner argued that his attorney should have presented the potential absurd results from finding that any knife was a deadly weapon. *Id*.

On May 20, 2014, the Rule 32 court denied, in part, and granted, in part, Petitioner's PCR petition. Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). The Rule 32 court reversed and set aside Petitioner's conviction on Count II – Aggravated Assault. *Id*. at 7. The Rule 32 court did not reverse Petitioner's sole remaining conviction, the Prohibited Possessor count. *See id*.

First, the Rule 32 court stated that trial counsel's decision to not file a motion to sever did not fall below the "strong presumption" that the assistance was effective and that the decision did not prejudice Petitioner. *Id*. at 3 (quoting *Strickland v. Washington*, 466 U.S. 611, 689 (1984)).

Second, the Rule 32 court found that Petitioner "did not include in his appeal the issue of prosecutorial misconduct and has, therefore, waived such issue." *Id*. at 4. The Rule 32 court considered the prejudice caused by counsel failing to timely investigate Mr. Thorne's criminal history and failing to timely alert the court to the State's failure to disclose. *Id*. at 5. The court stated:

> Overall, as to the aggravated assault count, if the State's key witness had been further impeached with his two additional out-of-state felonies or if the [c]ourt had been timely requested to vacate the conviction for aggravated assault, there is more than a "mere possibility" that the jury would have more fully considered [Petitioner]'s justification defense and acquitted him of the charge. The State has failed to establish that, beyond a reasonable doubt, the above constitutional defect was "harmless".
>
> As to the prohibited possessor count, based on the [c]ourt's **FINDING**, in A above and the nature of the elements of such crime, the lack of disclosure of Mr. Towne's prior felonies or the inability to further impeach Mr. Towne is of no consequence. The evidence submitted by the State on this count did not depend on the credibility of Mr. Towne's testimony and stands separate from the evidence submitted on the aggravated assault. It is not necessary or appropriate to grant a new trial as to all counts when the State has failed to produce required *Brady*[6] evidence. [*Arizona*] *v. Jones*, 170 Ariz. 556, 560, 587 P.2d 742, 746 (Ariz.

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

1978). [Petitioner] failed to prove by a preponderance of the evidence, that trial counsel's performance as to the prohibited possessor count was deficient.

*Id.* at 6.

Finally, the Rule 32 court considered trial counsel's effectiveness during the closing argument. The Rule 32 court found "that [Petitioner] has failed to prove that [trial counsel]'s closing argument was deficient as measured by a reasonableness standard of prevailing professional norms." *Id.* Additionally, the court reasoned that the jury had the knife in question and photographs of Mr. Thorne's injuries caused by the knife. *Id.* at 6-7.

On June 19, 2014, Petitioner's counsel moved to withdraw because "he [saw] no legitimate issue upon which to file a Petition for Review." Answer (Doc. 13), Mot. To Withdraw as Counsel for the Def. and for Addditional (sic) Time for Def. to File a Pro Se Pet., Should He Desire to Do So (Ex. "T").

On July, 24, 2014, Petitioner filed an Amended Petition for Review under AZRCRP 32.9(c). Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U"). Petitioner presented three issues for review. *Id.* at 2.

- Whether the trial court erred in concluding that [Petitioner] had failed to prove that his trial counsel was ineffective in not moving for a severance of his weapons misconduct (felon in possession) count from the remaining counts (attempted first degree murder, aggravated assault, and misconduct with weapon (prohibited possessor) (sic).

- Whether the trial court erred in concluding that counsel's failure to properly investigate the victim's criminal history was limited to the count of aggravated assault only.

- Whether trial counsel's failure to interview state's witnesses constituted ineffectiveness (sic) assistance. Although the decision does not address trial counsel's ineffectiveness in failing to interview state's witnesses, the court heard extensive expert witness testimony on this issue.

*Id.*

On November 17, 2014, the Arizona Court of Appeals for Division Two granted review, but denied relief. Answer (Doc. 13), Ariz. Ct. of Appeals, Mem. Decision 11-17-2014 (Ex. "V"). The court of appeals found that

1
2
3
4
5
6
7
8
9
10

[Petitioner] [ ] failed to show resulting prejudice, particularly in light of the trial court's grant of partial relief. [Petitioner]'s severance argument is focused entirely on the admission of evidence of his previous conviction in relation to his charge of aggravated assault. He does not argue that severance would have benefitted him at trial on the charge of prohibited possession of a weapon. And he does not address the court's conclusions that his weapons conduct conviction was based on evidence separate from that required to convict him of aggravated assault and that the victim's credibility was not material to that conviction. Nor does he explain how counsel's failure to interview witnesses prejudiced him as to that charge. Instead, he asserts without elaboration that the jury could have reached a different result and that "[i]t is impossible to know to what extent counsel's ineffectiveness impacted the jury's analysis of the case." Unsupported speculation that the jury might have reached a different result is insufficient to show prejudice. *See* [*Arizona*] *v. Rosario*, 195 Ariz. 264, ¶ 23, 987 P.2d 226, 230 (App. 1999) (to establish claim of ineffective assistance, petitioner must present more than "mere speculation" that prejudice resulted). [Petitioner] has not demonstrated the court abused its discretion in limiting his relief to his aggravated assault conviction."

11
12

*Id.* at ¶ 7. The Arizona Supreme Court denied review of Petitioner's PCR. Answer (Doc. 13), Letter from Ariz. Supreme Ct., 05-27-2015 (Ex. "W").

13

### D.     *The Instant Habeas Proceeding*

14
15
16
17
18

On May 18, 2015, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner claims seven (7) grounds for relief. Those grounds can be broken into three groups, prosecutorial misconduct, ineffective assistance of counsel, and error with trial court's jury instruction.

19
20
21
22
23
24
25
26
27
28

In ground one, Petitioner alleges "prosecutorial misconduct by failing and/or refusing to disclose *Brady* material prior to Petitioner's trial, in violation of the 6th and 14th Amendments of the United States Constitution." *Id*. at 6. In ground two, Petitioner alleges that "the prosecutor committed misconduct by misleading the jury to believe [Mr.] Towne only had 1 prior felony conviction in violation of the 5th and 14th Amendments of the United States Constitution." *Id*. at 7. Petitioner alleges that "the prosecutor asked Mr. Towne '. . . have you been convicted of a felony?' This question obviously deceived the trier of fact(s) to believe that [Mr.] Towne had only 1 prior felony conviction, when the prosecutor was well aware of the fact that [Mr.] Towne had 5 prior felony convictions before testifying at Petitioner's trial." *Id*.

1      In ground three, Petitioner alleges trial counsel was ineffective due to "failure to
2 investigate Mr. Towne's criminal history for impeachment evidence in violation of
3 Petitioner's 6th Amendment right to effective assistance of counsel under the United
4 States Constitution." *Id*. at 8. In ground four, Petitioner alleges trial counsel was
5 ineffective by "failing to file a motion to sever the prohibited possessor count from
6 remaining counts in violation of Petitioner's 6th and 14th Amendment rights to effective
7 assistance of counsel and due process under the United States Constitution." *Id*. at 9. In
8 ground five, Petitioner alleges that trial counsel was ineffective during his closing
9 arguments and for failing to "timely file the motion to vacate judgment in violation of
10 Petitioner's 6th and 14th Amendment rights to effective assistance of counsel due process
11 and a fair trial under the United States Constitution." *Id*. at 10.

12      In ground six, Petitioner alleges that the trial court erred by refusing "to instruct
13 the jury on justification – crime prevention in violation of Petitioner's 5th and 14th
14 Amendment rights under the United States Constitution." *Id*. at 11. In ground seven,
15 Petitioner alleges that the trial court erred by refusing "to instruct the jury on weapons
16 misconduct as a prohibited possessor in violation of Petitioner's 5th and 14th
17 Amendment rights under the United States Constitution." *Id*. at 12. This claim arose from
18 a jury question in which the jury asked, "does the term, 'prohibited possessor' include a
19 knife?" Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise,
20 Tr. 08-25-2010 (Ex. "F") at 21:4-5.

21      On July 13, 2015, Respondents filed their Answer (Doc. 13), and on August 10,
22 2015, Petitioner filed his Traverse (Doc. 14).

23
24
25
26
27
28

## II.    STANDARD OF REVIEW

### A.    *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider

whether the state court's determination was unreasonable, not merely incorrect. *Id.* at 473; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Williams v. Taylor*, 529 U.S. 362, 376-77 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103) (alterations in original).

## B.    *Exhaustion of State Remedies*

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). As such, the exhaustion doctrine gives the state courts "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citation and quotation marks omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has

been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350 (1989).

## C.    Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 83-84 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> "The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred." *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728. Federal courts are prohibited from review in such cases because they have "no power to review a

state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* at 729. Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 533 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*

The Supreme Court has recognized, however, that "the cause and prejudice

standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.* 2002 cmt. Neither Rule 32.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III.    STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Petitioner's petition. The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

# IV. ANALYSIS

## A. Grounds One and Two: Prosecutorial Misconduct

In ground one, Petitioner asserts "prosecutorial misconduct by failing and/or refusing to disclose *Brady* material prior to Petitioner's trial, in violation of the 6th and 14th Amendments of the United States Constitution." (Doc. 1 at 6.) In ground two, Petitioner alleges that "the prosecutor committed misconduct by misleading the jury to believe [Mr.] Towne only had 1 prior felony conviction in violation of the 5th and 14th Amendments of the United States Constitution." (Doc. 1 at 7.) Petitioner alleges that "the prosecutor asked Mr. Towne '. . . have you been convicted of a felony?' This question obviously deceived the trier of fact(s) to believe that [Mr.] Towne had only 1 prior felony conviction, when the prosecutor was well aware of the fact that [Mr.] Towne had 5 prior felony convictions before testifying at Petitioner's trial." *Id*.

Petitioner brought both of those claims to the Superior Court for the State of Arizona for the County of Cochise. *See* Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). The Rule 32 court denied relief on both claims and found that Petitioner "did not include in his appeal the issue of prosecutorial misconduct and has, therefore, waived such issue." *Id*. at 4. Petitioner then did not include either claim in his appeal. *See* Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U").

Petitioner did not exhaust these claims. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, because Petitioner's claims were precluded by the Arizona courts, they are procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.

*Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such], there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). To the extent that there is a claim with Petitioner's Traverse that the court of appeals prevented him from bringing this claim, there is no proof of prejudice. The Rule 32 court did examine the prejudice resulting from failure to admit Mr. Towne's complete and accurate criminal history during an ineffective assistance of counsel claims, which is the same standard applied for *Brady* materiality. *See Gentry v. Sinclair*, 705 F.3d 884, 906 (9th Cir. 2013) ("*Brady* materiality and *Strickland* prejudice are the same."). As such, Petitioner has failed to demonstrate a fundamental miscarriage of justice in order to meet the cause and prejudice standard.[7] *See Coleman*, 501 U.S. at 748 (citations and quotations omitted).

Therefore, Petitioner's claims regarding prosecutorial misconduct cannot stand.

---

[7] Broadly read, Petitioner's Traverse asserts a claim for actual innocence claiming that "[t]he arguments made in [Petitioner]'s appeal (pages 29, ¶ 56 through pg 36 ¶ 65 [of Petitioner's opening brief]) show that [Petitioner] did not possess a lethal weapon as written in the law." Traverse (Doc. 14 at 4.) The Court rejects Petitioner's claim of actual innocence.

### B. Grounds Three, Four, and Five: Ineffective Assistance

#### 1. Legal Standard

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two-part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance was deficient. *Id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that this performance prejudiced his defense. *Id.* Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, at trial whose result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *see also State v. Carver*, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Id*. at 689. "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686) (alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Id*. at 700.

"[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105) (alteration in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to [it.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Gulbrandson*, 738 F.3d at 992 (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F. Supp. 2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

## **2. Ground Three**

In ground three, Petitioner alleges trial counsel was ineffective due to "failure to investigate Mr. Towne's criminal history for impeachment evidence in violation of Petitioner's 6th Amendment right to effective assistance of counsel under the United States Constitution." (Doc. 1 at 8.) Petitioner raised the claim underlying ground three to the Superior Court for the State of Arizona for the County of Cochise in a Rule 32 Petition. *See* Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). The Rule 32 court found that Petitioner's trial counsel did act below the professional standard by failing to properly investigate Mr. Towne. *Id.* at 5-6. The Rule 32 court found that Petitioner's trial counsel did not prejudiced Petitioner as to the Prohibited Possessor conviction by failing to properly investigate Mr. Towne. *Id.* Petitioner appealed to the Arizona Court of Appeals regarding the prejudice of trial counsel's failure to investigate Mr. Towne to Petitioner's Prohibited Possessor conviction. Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U") at 2. Respondent acknowledges that ground three was exhausted and is not procedurally defaulted. (Doc. 13 at 9 at 5-9.)

Petitioner argues that his trial counsel's "ineffectiveness was so systemic that it carried through from the very start up to and beyond the conclusion of trial." (Doc. 14 at 4.) Petitioner argues that if his trial counsel had been aware of Mr. Towne's actual criminal history, Mr. Towne's credibility would have been undermined to such an extent that there is a "reasonable probability" that the jury would have returned a different verdict as to the Prohibited Possessor conviction. (*See* Doc. 14 at 5.) The Rule 32 court found that "[t]he evidence submitted by the State on [the Prohibited Possessor] count did not depend on the credibility of Mr. Towne's testimony and stands separate from the evidence submitted on the aggravated assault." Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S") at 6. This finding was adopted by the Arizona Court of Appeals. Answer (Doc. 13), Ariz. Ct. of Appeals, Mem. Decision 11-17-2014 (Ex. "V") at ¶ 7. Petitioner has failed to

present any evidence to show that the Arizona courts' decisions are contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99 (2002).

In considering Petitioner's ineffective assistance of counsel claim, the Rule 32 court properly stated and relied upon the *Strickland* standard. Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson v. Ryan*, 738 F.3d 976, 991 (9th Cir. 2013). As such, Petitioner's claim in ground three for ineffective assistance of counsel fails.

### 3. Ground Four

In ground four, Petitioner alleges trial counsel was ineffective by "failing to file a motion to sever the prohibited possessor count from remaining counts in violation of Petitioner's 6th and 14th Amendment rights to effective assistance of counsel and due process under the United States Constitution." (Doc. 1 at 9.) Petitioner raised the claim underlying ground four to the Superior Court for the State of Arizona for the County of Cochise in a Rule 32 Petition. *See* Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). Petitioner originally argued that "[i]n order to present sufficient evidence to the jury to establish the elements of the Prohibited possessor count, the State had to establish that [Petitioner] had a prior felony conviction . . . . Although the State alleged that [Petitioner] was a Prohibited Possessor, the fact that [Petitioner] did or did not possess a weapon illegally was not a fact necessary for the proof of the remaining counts." Answer (Doc. 13), Pet. for PCR (Ex. "N") at 7-8. The Rule 32 court found that Petitioner's trial counsel did not act below the professional standard by failing to move to sever. *Id.* at 3. The Rule 32 court found that Petitioner's trial counsel did not prejudiced Petitioner by failing to move to sever charges. *Id.* Petitioner appealed to the Arizona Court of Appeals regarding this

claim. Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U") at 2. Respondent acknowledges that ground three was exhausted and is not procedurally defaulted. (Doc. 13 at 9 at 5-9.)

Petitioner cannot show that trial counsel was ineffective or that Petitioner was prejudiced by failing to move to sever. As such, Petitioner cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Moreover, Petitioner has failed to present any evidence to show that the Arizona courts' decisions regarding his ineffective assistance claim are contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson v. Ryan*, 738 F.3d 976, 991 (9th Cir. 2013). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[;] . . . [however,] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689. Petitioner's ineffective assistance of counsel claim in ground four regarding failing to file a motion to sever is without merit.

**4. Ground Five**

Petitioner presents two claims of ineffective assistance of trial counsel within ground five. (Doc. 1 at 10.)

*a. Closing Argument*

In ground five, Petitioner alleges that trial counsel was ineffective during his closing arguments. *Id*. Petitioner raised this claim to the Superior Court for the State of Arizona for the County of Cochise in a Rule 32 Petition. *See* Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). The Rule 32 court found that Petitioner's trial counsel performance during closing did not fall below the "reasonableness standard of prevailing professional norms." *Id*. at 6. Further, the Rule 32 court stated that the jury had the actual knife and photographs of Mr. Towne's injuries in evidence. *Id*. at 6-7. "While it may be true that [the expert attorney] could have provided a more compelling closing argument had he been [Petitioner]'s trial counsel, such is not the standard for ineffective assistance of counsel." *Id*. at 7. When Petitioner appealed from the Rule 32 court's ruling, he did not include the allegation that his trial counsel was ineffective during the closing argument. *See* Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U") at 2. Respondent contends that this claim was not exhausted as it was not presented to the Arizona Court of Appeals and there is now no available remedy within the state court system. *Id*. at 9:24-28, 10:23-25.

Petitioner did not exhaust this claim. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, because Petitioner's claim would be precluded by the Arizona courts, it is procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from

subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such], there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to demonstrate a fundamental miscarriage of justice in order to meet the cause and prejudice standard. *See Coleman*, 501 U.S. at 748 (citations and quotations omitted).

Therefore, Petitioner's claim regarding ineffective assistance of trial counsel during closing cannot stand.

### b. Failure to Timely File a Motion to Vacate Judgment

In ground five, Petitioner alleges that trial counsel was ineffective for failing to "timely file the motion to vacate judgment in violation of Petitioner's 6th and 14th Amendment rights to effective assistance of counsel due process and a fair trial under the United States Constitution." (Doc. 1 at 10.) Petitioner raised this claim to the Superior Court for the State of Arizona for the County of Cochise in a Rule 32 Petition. *See* Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S"). The Rule 32 court found that the trial counsel's performance fell below the professional standard by failing to timely move to vacate Petitioner's judgment regarding Petitioner's conviction for aggravated assault. *Id*. at 5. Further the Rule 32 court found that Petitioner was not prejudiced by trial counsel's

failure to move to vacate the prohibited possessor. *Id*. at 6. When Petitioner appealed from the Rule 32 court's ruling, he did not include the allegation that his trial counsel was ineffective for failing to timely file a motion to vacate. *See* Answer (Doc. 13), Def.'s Am. Pet. for Review Under AZRCRP 32.9(c) (Ex. "U") at 2. Respondent contends that this claim was not exhausted as it was not presented to the state court of appeals and there is now no available remedy within the state court system. *Id*. at 9:24-28, 10:23-25.

Petitioner did not exhaust this claim. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, because Petitioner's claim would be precluded by the Arizona courts, it is procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such], there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to demonstrate a fundamental miscarriage of justice in order to meet the cause and

prejudice standard. *See Coleman*, 501 U.S. at 748 (citations and quotations omitted).

Therefore, Petitioner's claims regarding ineffective assistance of trial counsel for failure to file a timely motion to vacate judgment cannot stand.

### F. Grounds Six and Seven: Trial Court Refusing to Give Jury Instructions

#### 1. Ground Six

Petitioner alleges that the trial court erred by refusing "to instruct the jury on justification – crime prevention in violation of Petitioner's 5th and 14th Amendment rights under the United States Constitution." (Doc. 1 at 11.) Respondent argues that this claim was raised to the court of appeals, but was "decided solely under state substantive law[] and that state-law-based claim is non-cognizable on federal review." (Doc. 13 at 11:10-11.) Petitioner challenged the trial court's failure to instruct the jury regarding crime prevention and the effect on the Count II – Aggravated Assault, which was later dismissed. Answer (Doc. 13), Appellant's Opening Brief (Ex. "H") at ¶ 52; Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Decision Re: Rule 32 Pet. 05-20-2014 (Ex. "S") at 7.

As discussed in Section II.B., *supra*, the fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "A challenge to jury instructions does not generally state a federal constitutional claim." *Jensen v. Hernandez*, 864 F. Supp. 2d 869, 932 (E.D. Cal. 2012), *clarified on denial of reconsideration*, No. 2:09-CV-0512 DAD P, 2012 WL 2571272 (E.D. Cal. July 2, 2012), *and aff'd*, 572 F. App'x 540 (9th Cir. 2014).

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin*, 541 U.S. at 29 (in order to

"fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991) ("[P]etitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). To the extent Petitioner relies on this allegation to show either cause or actual prejudice, it must fail. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such], there is no basis on which to address the merits of his claims.").

If this claim had been exhausted, and the Arizona Court of Appeals had been alerted to an underlying federal claim, it would still lack merit. Petitioner would need to provide evidence as to how, when considering this instruction in the context of the trial record, it had the effect of "so infect[ing] the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Arizona Court of Appeals explained that "[s]ection 13–411(A) provides, in relevant part, that a person is justified in using physical and deadly force against another if and to the extent the person reasonably believes it is immediately necessary to prevent the commission of, inter alia, an aggravated assault or a murder." Answer (Doc. 13), Ariz. Ct. of Appeals, Mem. Decision 05-10-2012 (Ex. "A") at ¶ 5. This jury instruction does not protect possession of a deadly weapon, which is the

only remaining conviction. *Arizona v. Haney*, 219 P.3d 274, 276 (Ct. App. 2009), *review denied and ordered depublished*, 231 P.3d 921 (2010) ("We hold that a person who is prohibited by law from possessing deadly weapons is not entitled to the legal protection of A.R.S. § 13–411 when he uses a firearm.").

Therefore, Petitioner's claim regarding jury instruction cannot stand and is without merit.

## 2. Ground Seven

In ground seven, Petitioner alleges that the trial court erred by refusing "to instruct the jury on weapons misconduct as a prohibited possessor in violation of Petitioner's 5th and 14th Amendment rights under the United States Constitution." (Doc. 1 at 12.) This claim arose from a jury question in which the jury asked, "does the term, 'prohibited possessor' include a knife?" Answer (Doc. 13), Superior Ct. for the State of Ariz. for the County of Cochise, Tr. 08-25-2010 (Ex. "F") at 21:4-5. Petitioner did not raise this issue to any level of the Arizona state court

Petitioner did not exhaust this claim. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, because Petitioner's claim would be precluded by the Arizona courts, they are procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such], there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to demonstrate a fundamental miscarriage of justice in order to meet the cause and prejudice standard. *See Coleman*, 501 U.S. at 748 (citations and quotations omitted).

Therefore, Petitioner's claim regarding the trial court's response to jury question cannot stand.

## V.    CONCLUSION

In light of the foregoing, the Court finds that Petitioner's habeas claims are without merit, and the Petition (Doc. 1) shall be denied.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly,

IT IS ORDERED that the Petition (Doc. 1) is denied and this matter is dismissed with prejudice. The Clerk of the Court shall enter judgment and close this matter.

IT IS FURTHER ORDERED that a Certificate of Appealability is denied and shall not be issued.

Dated this 17th day of April, 2018.

Honorable James A. Soto
United States District Judge